CHASEZ, Judge.
On January 18, 1966 at approximately 2:15 P.M. Paul M. Mass, plaintiff-appellant, was involved in a collision with a truck being driven by Wilbert Philip Austin, Sr., which truck was rented by La-biche’s Incorporated from the National Car Rental System, Inc., defendants-appellees. The accident occurred on Interstate 10 during a rain shower on a dark, gloomy day. The truck rented by Labiche’s had stalled in the center lane of traffic while heading toward New Orleans on Interstate 10 in the vicinity of Melody Drive. As Mass approached from the rear in the center lane he struck the defendant’s truck, causing severe bodily injury to himself.
Suit was brought against Labiche’s Incorporated and its insurer, American Employers’ Insurance Company, and against National Car Rental System, Inc. and its insurance carrier, Continental Casualty Company. A petition of intervention was filed by Liberty Mutual Insurance Company, the insurer of Paul Mass’s employer, Amsco School Publication, Inc., asserting its claim for reimbursement of any and all compensation benefits it would pay to Paul Mass, including $648.00 in benefits and $2,520.00 in medical expenses already paid to Mass.
A workmen’s compensation suit entitled “Paul M. Mass v. Amsco School Publication, Inc. and Liberty Mutual Insurance Company”, bearing docket number 104-516 of the Twenty Fourth Judicial District Court (in which National Car Rental Systems, Inc., Continental Casualty Company, Labiche’s and American Employers’ Insurance Company were made third party defendants by Liberty Mutual Insurance Company as third party plaintiff) was ordered consolidated with the present proceedings.
By stipulation of counsel, plaintiff’s petition against National Car Rental System, Inc. and Continental Casualty Company was dismissed.
After a trial on the merits, judgment was rendered in favor of defendants, La-biche’s Incorporated, and American Employers’ Insurance Company and against the plaintiff, Paul M. Mass, dismissing his petition at his cost. Judgment was also rendered in the workmen’s compensation suit in favor of Labiche’s Incorporated and American Employers’ Insurance Company and against third party plaintiff, Liberty Mutual Insurance Company, dismissing its third party demand at its cost. Liberty Mutual Insurance Company’s petition of intervention was likewise dismissed.
From this judgment Paul M. Mass has appealed. There was no appeal by Liberty Mutual Insurance Company and the lower court’s judgment is final as to it.
Austin, the driver of the Labiche truck, testified that as he was proceeding along “1-10” toward New Orleans in the extreme left lane of traffic the truck suddenly began to respond as if it were running out of gas. He attempted to negotiate all three lanes of traffic in order to get off the highway onto the shoulder of the road. However, the truck stalled in the center lane. Austin testified that he had four or five reflector-type flares which he immediately placed on the highway behind the truck. He stated that he placed the flares in a “V” formation with the apex of the “V” about 30 to 40 feet behind the truck. He then went to a house near “1-10” and asked the lady of the house to call La-biche’s to tell them of the trouble. La-biche’s then called National Car Rental System, Inc., who sent a truck with gasoline for the stalled vehicle. The gasoline was put into the stalled truck but it still would not move and it was discovered that an empty gasoline tank was not the problem but that the truck had developed mechanical difficulties. A mechanic was called by the man who brought the gasoline. While awaiting his arrival Austin and his helper, a man known only as Leroy, asked the man who had brought the *604 gasoline to take them to get a sandwich. They left the stalled vehicle unattended in order to go to lunch and when they returned they discovered the accident. He testified that, in all, the stalled vehicle was on the highway for about an hour and a half before it was struck by Mass.
There can be no serious question as to Austin’s and therefore Labiche’s negligence. Austin did put out the flares, — however, not in conformity with the statute. LSA-R.S. 32:368, subd. C; 32:301. These two statutes require that between sunset and sunrise, or at any time when there is insufficient light due to atmospheric conditions, on a divided highway, a flare shall be placed at a distance of 200 feet behind the vehicle in the center of the lane, another shall be placed at a distance of 100 feet from the vehicle in the center of the lane and a third shall be placed on the traffic side of the vehicle at a distance of 10 feet from it. Austin placed the flares a maximum of only 40 feet away. The statutes mentioned above are safety enactments designed to guard against the very thing which occurred in this instance.
Under the rationale of Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), this amounts to negligence which was a cause-in-fact of the accident. Although in the Dixie case the driver of the stalled vehicle did not put out flares at all, we think that in the instant case the conclusion is not changed. Had Austin placed the flares at ISO feet rather than the required 200 feet there would perhaps be no negligence on his part. However, in placing the flares at a distance of only 30 to 40 feet he was just as negligent as if he had not placed them at all because by the time they could be seen by an approaching vehicle traveling at highway speed it would be too late to avoid a collision.
Austin’s negligence is compounded by the fact that he made no effort to remove the stalled vehicle from the roadway and, worse, left the stalled truck unattended to go and have lunch. The circumstances considered as a whole lead us to a finding that Austin was negligent, therefore, the question becomes whether or not the plaintiff, Paul M. Mass, was contributorily negligent.
Mass testified that the day, at the time of the accident, was dark, gloomy and raining. His headlights and windshield wipers were in use. He was driving toward New Orleans in the center lane at a speed of about 30 miles per hour because of the weather conditions. By his testimony he did not see the truck until his car was about fifty feet away from it and that when he first saw it he could not tell whether the truck was stationary or moving. He stated that he applied his brakes but to no avail. He testified that he saw no reflectors before the accident. He did not look to his right or left, nor did he make any effort to swerve to his left or right in order to go around the stalled truck.
The police officer who investigated the accident testified that he was not called to the scene but happened upon it only moments after it occurred. He stated that as he went over the Causeway Boulevard overpass on “1-10” he noticed a stopped vehicle with people around it some 600 to 800 feet to the front of him, or toward New Orleans. The stopped vehicle was Mass’s, the truck having been hurled off the expressway by the force of the impact. The officer testified also that two of the reflectors were crushed beneath Mass’s car and a third was intact and standing beneath the front end of Mass’s car. The officer also testified that he had no trouble seeing the stopped vehicle from 600 to 800 feet away.
The inference to be drawn from the fact that the police officer saw Mass’s automobile stopped from 600 feet away is that Mass should have seen the Labiche truck and would have had he been maintaining a proper lookout.
The strength of the officer’s statement is diluted somewhat when it is considered *605 that he observed Mass’s vehicle from the height of the overpass and that there were people gathered around it making it immediately obvious that the Mass vehicle was stopped.
We do not mean to say that Mass was negligent in not seeing the stalled truck from the top of the overpass when the truck was still some 600 feet away. We do hold that Mass was negligent in not seeing the truck until he was only SO feet from it. His negligence was in not maintaining a proper lookout and in not seeing what was obviously there to he seen. His own acts of contributory negligence are therefore a bar to his own recovery.
For the foregoing reasons the judgment in favor of defendants, Labiche’s Incorporated and American Employers’ Insurance Company and against plaintiff, Paul M. Mass, dismissing plaintiff’s petition at his cost is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
Affirmed.